Case 1:23-cr-00107-JMS-MKK   Document 43   Filed 05/24/24   Page 1 of 4 PageID #: 206

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>TERESA MANERS | )<br>)<br>) Case No: 1:23-cr-00107-JMS-MKK-01<br>) USM No: 85903-510<br>) |
| Date of Original Judgment: 11/08/2023<br>Date of Previous Amended Judgment: _____<br>*(Use Date of Last Amended Judgment if Any)* | )<br>) Joseph Lozano (previous)<br>) *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 05/24/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Jane Magnus-Stinson
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23-cr-00107-JMS-MKK |
| | ) | |
| | ) | |
| TERESA MANERS (01), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Teresa Maners (01) has filed a Motion to Reduce Sentence based on USSC Amendment 821.[31].[1] Ms. Maners was convicted of wire fraud. [29]. She received a sentence of 12 months and 1 day. [Id]. She seeks a relief under Amendment 821, "seeking a 2 point reduction due to falling within the acceptable criteria." [31]. The Government has filed a Response in Opposition in which it asserts that Ms. Maners is ineligible for any reduction because she does not meet all the criteria for relief: she is ineligible for a reduction because her sentence is below her new guideline range.

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's guideline range has been lowered subsequent to her sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. See *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at

---

[1] The Court appointed the Indiana Federal Community Defender to represent Ms. Maners. [32]. Counsel was later granted leave to withdraw. [35]. Ms. Maners was afforded an opportunity to supplement her petition following the withdrawal, but she did not.[36].

827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

Beginning and ending with the step one analysis under *Dillon*, the Court agrees with the United States that Ms. Maners is ineligible for resentencing. In Part B to Amendment 821, the Sentencing Commission added what now appears in U.S.S.G. § 4C1.1(a), providing a two-offense level reduction for many offenders who have zero criminal history points (subject to several exceptions). In pertinent part, the adjustment applies if "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1). It is true that Ms. Maners did not receive any criminal history points. [102 at ¶29]. And it is also true that the her new guideline calculation would reduce her guideline range. Her new guideline range is 14-I resulting in a sentencing range of 15-21 months. That is not the end of the inquiry, however.

Amendment 821 places certain limitations on the extent to which the Court can reduce a sentence: "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Ms. Maners sentence is already below the low end of the revised guideline range. No further reduction is permitted.

The Court therefore does not proceed to step two under *Dillon*.

For the foregoing reasons, Ms. Maners Motion to Reduce Sentence [31] is **DENIED.**

IT IS SO ORDERED.

Date: 5/24/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Corbin Houston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Corbin.houston@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov


<u>By U.S. Mail to:</u>
Teresa Kay Maners
Reg. No. 85903-510
FMC Lexington
Federal Medical Center
Satellite Camp
P.O. Box 14525
Lexington, KY 40512